**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY,<br><br>                                    Plaintiff,<br><br>v.<br><br>ROSALIA CASTILLO BUCIO, an individual; HIPOLITO CASTILLO BUCIO, an individual<br><br>                                    Defendants. | Case No.: 3:24-cv-01567-RBM-KSC<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>**[Doc. 11]** |

On September 9, 2024, Plaintiff Primerica Life Insurance Company ("Plaintiff") filed the operative complaint against Defendants Rosalia Castillo Bucio and Hipolito Castillo Bucio ("Defendants"). (Doc. 1 ("Complaint").) The Complaint seeks a declaration from the Court that a term life insurance policy obtained based on misrepresentations is rescinded. (*Id.* ¶¶ 7, 22–26, 28–33.) On January 31, 2025, Plaintiff filed for a clerk's entry of default as to each Defendant. (Docs. 7–8.) The Clerk of Court entered default against each Defendant on February 3, 2025. (Docs. 9–10.) The pending Motion for Default Judgment ("Motion") followed. (Doc. 11.) Neither Defendant has appeared in this action.

///

1

3:24-cv-01567-RBM-KSC

The Court finds the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons set forth below, the Motion for Default Judgment is **<u>GRANTED</u>**.

**I.    BACKGROUND**

Plaintiff alleges that when Gilberto Castillo ("Castillo") submitted his January 15, 2020 application for a term life insurance policy ("Application") it contained material misrepresentations.  (Compl. ¶¶ 7–8.)  Specifically, his answers to questions in the Application indicated that he had not "[r]eceived professional counseling or medical treatment due to use of alcohol or drugs (including prescription drugs) … [and had not] [u]sed illegal or illegally obtained drugs (including prescription drugs)" in the past ten years. (Compl. ¶¶ 7–8.)  The Complaint summarizes the Application's provisions regarding: Castillo's assurances of truth and completeness of the information submitted; Castillo's obligation to notify Plaintiff of any "false, incorrect, or incomplete" information in the Application; "and that coverage under the policy may be rendered void if Castillo died within two years from the issue date of the policy and [Plaintiff] determined that any information in the Application was false, incomplete, or incorrect." (*Id.* ¶¶ 9, 14.)  The Application was signed by Castillo, and Castillo never advised Plaintiff "that any information in the Application was false, incorrect, or incomplete." (*Id.* ¶ 11.)

Plaintiff issued a term life insurance policy for $614,000 on February 2, 2020 ("the Policy") that designated Defendants as equal primary co-beneficiaries under the Policy. (*Id.* ¶ 16.)  Following Castillo's death on March 28, 2021 (*id.* ¶ 15) both Defendants submitted claims for the Policy's death benefit (*id.* ¶ 17). "Because [Castillo's] death occurred during the Policy's contestability period, [Plaintiff] conducted a routine contestable claim investigation," including review of Castillo's medical records. (*Id.* ¶ 18.) Those records showed "that during an August 30, 2018 visit, Castillo reported having used meth for two consecutive months, [and] during an October 16, 2018 visit, Castillo reported daily cocaine use for over one year." (*Id.*)  Castillo was diagnosed with cocaine abuse and cocaine-induced anxiety disorder during [the October 16, 2018] visit and requested a

2

3:24-cv-01567-RBM-KSC

referral for drug rehabilitation." (*Id.*)  Pursuant to its underwriting guidelines, [Plaintiff] would not have issued any life insurance coverage to Castillo if it had known about his true history of drug use and related counseling and treatment." (*Id.* ¶ 19.)

Plaintiff "advised Defendants in writing that it was denying their claims and rescinding the Policy due to material misrepresentations/omissions in the Application, and refunded the premiums paid for the Policy." (*Id.* ¶ 20.)  Defendants then notified Plaintiff that they contend the rescission was invalid, the Policy is in effect, and that the Policy benefit must be paid.  (*Id.* ¶ 21.)  This action, seeking a declaration from the Court that the Policy is rescinded because of Castillo's misrepresentations, followed.  (Compl., Prayer at A–B.)

On December 10, 2024, Plaintiff filed proofs of service showing the Complaint was served on each Defendant.  (Docs. 5–6.)  And, as noted above, on January 31, 2025, Plaintiff requested the Clerk enter each Defendant's default (Docs. 7–8), and the Clerk entered default as to each Defendant on February 3, 2025 (Docs. 9–10).  Plaintiff has now filed the Motion seeking entry of default judgment.  (Doc. 11.)

## II.    LEGAL STANDARD

When, as here, the Clerk has entered default under Federal Rule of Civil Procedure 55(a) (Docs. 7–8), default judgment may be entered by the Court under Rule 55(b)(2).  "[T]he decision to enter a default judgment is discretionary." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (citations omitted).  "The general rule is that well-pled allegations in the complaint regarding liability are deemed true" and "[t]he district court is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (citations omitted).

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal

3:24-cv-01567-RBM-KSC

Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III.    DISCUSSION

The Court finds that the *Eitel* factors weigh in favor of granting Plaintiff's Motion.

### A.    Possibility of Prejudice to Plaintiff

Here, if Plaintiff's Motion is not granted, it will be denied a resolution of its claim that the Policy is rescinded based on Castillo's material misrepresentations in his Application. Because Defendants have chosen not to respond, Plaintiff is being denied judicial resolution of its claims. Denial of Plaintiff's right to judicial resolution under these circumstances sufficiently demonstrates prejudice to Plaintiff. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). *Principal Life Ins. Co. v. Hill*, CASE NO. C21-1716 MJP, 2022 WL 2718087, at *2 (W.D. Wash. July 13, 2022) (finding Defendant's "unwillingness to participate in" a lawsuit seeking rescission of a life insurance policy prejudiced Plaintiff because it could not "obtain relief on its claims against Defendant without default judgment."). Thus, the potential prejudice to Plaintiff supports granting Plaintiff's Motion.

### B.    The Merits of Plaintiff's Claims, the Sufficiency of Plaintiff's Complaint, and the Possibility of a Dispute Concerning Material Facts

The second and third *Eitel* factors are the merits of Plaintiff's substantive claims and the sufficiency of the complaint. "[T]hese two factors require that a plaintiff state a claim on which the plaintiff may recover." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. (citations omitted). In other words, "a default judgment may not be entered on a legally insufficient claim." *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) (citing *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267–68 (9th Cir. 1992)).

The allegations of the Complaint, as summarized above (*see* Section I) and accepted as true for purposes of this Motion, demonstrate that Plaintiff is entitled to rescission of the

Policy.[1]  *Fair Hous. of Marin*, 285 F.3d 906 ("well-pled allegations in the complaint regarding liability are deemed true.") (citations omitted).  Plaintiff asserts its rescission claim under California Insurance Code §§ 330, 331, 359.  (Compl. ¶ 24.)  California law "permits an insurer to rescind a policy when the insured has misrepresented or concealed material information in connection with obtaining insurance."  *TIG Ins. Co. of Mich. v. Homestore, Inc.*, 137 Cal. App. 4th 749, 755–56 (2006); Cal. Civ. Code § 1689 (a party may rescind a contract where the party's consent thereto was obtained through fraud or mistake); Cal. Ins. Code § 331 (entitling "injured party to rescind insurance" based on concealment); Cal. Ins. Code § 330 (defining concealment as "neglect[ing] to communicate that which a party knows and ought to communicate"); Cal. Ins. Code § 359 (allowing insurer to rescind a contract of insurance if the insured conceals *material* information or makes *material* misrepresentations) (emphasis added).

Based on the allegations of the Complaint, Castillo's misrepresentations in his Application regarding his use of illegal drugs, i.e. that he had not used illegal drugs during the specified time period when he had (Compl. ¶¶ 7–8, 18) were material because Plaintiff asked the questions, and also because Plaintiff would not have issued the Policy had it known Castillo was using illegal drugs (Compl. ¶ 19).  *Thompson v. Occidental Life Ins.*

---

[1] Although not addressed in the Motion, the Court notes that based on the allegations of the Complaint, the Court has subject matter jurisdiction.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (Court must have subject matter jurisdiction to enter judgment).  The Complaint alleges jurisdiction based on diversity between Plaintiff, a citizen of Georgia and Tennessee, and Defendants, citizens of San Diego, California.  (Compl. ¶¶ 1–3 (citing 28 U.S.C. § 1332).)  And Plaintiff's allegation that the amount in controversy exceeds $75,000 also appears accurate given Plaintiff seeks to rescind a Policy with a $614,000 Policy benefit.  *See Locher v. Thor Motor Coach, Inc.*, Case No.: 3:17-cv-01804-GPC-MDD, 2017 WL 6016114, at*2 (S.D. Cal. Dec. 5, 2017) ("In actions for rescission, Courts have used the value of the object of the contract as the value of the rescission claim for the amount-in-controversy determination.") (collecting cases); *see also Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

3:24-cv-01567-RBM-KSC

*Co.*, 9 Cal. 3d 904, 916, (1973) ("The fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law."); *Lunardi v. Great-W. Life Assurance Co.*, 37 Cal. App. 4th 807, 828 (1995) ("Materiality depends on the probable and reasonable effect that truthful disclosure would have had upon the insurer in determining the advantages of the proposed contract.")   Additionally, Plaintiff sufficiently alleges compliance with the procedural requirements for rescission because it gave notice and returned the premiums paid for the Policy (Compl. ¶ 20).   Cal. Civ. Code § 1691 (rescission requires notice of the intent to rescind and return of the value received under the contract).

The fifth factor, the possibility of a dispute concerning material facts, also weighs in favor of default judgment.  Because the allegations of the Complaint are based on Castillo's answers in his Application and medical records showing those answers were false, a dispute as to material facts is unlikely.

Accordingly, the second, third, and fifth factors weigh in favor of default judgment.

## C.    The Sum of Money at Stake

"The fourth *Eitel* factor examines the amount of money at stake in relation to the seriousness of a defendant's conduct."  *Craigslist, Inc. v. Naturemarket*, 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010) (citing *Eitel*, 782 F.2d at 1471) (awarding Plaintiff $470,000 in statutory damages, $840,000 in liquidated damages, $65,038.20 in attorney's fees, and $1,712.07 in costs).  While the Court is not awarding any sum of money to Plaintiff because Plaintiff seeks only a finding regarding the rescission of the Policy, the $614,000 Policy benefit will not have to be paid if the Policy is rescinded.  However, even if the Court treats this sum of money as being at stake, the sum does not dissuade the Court from entering default judgment for Plaintiff.  This factor also weighs in favor of default judgment.

## D.    Whether the Default was Due to Excusable Neglect

"The sixth *Eitel* factor examines whether any interested party's failure to respond to Plaintiff's allegations was the result of excusable neglect."  *KKMI Sausalito, LLC v. Vessel "Self Inflicted"*, 428 F. Supp. 3d 200, 208 (N.D. Cal. 2019) (citing *Eitel*, 782 F.2d at 1471–

3:24-cv-01567-RBM-KSC

72).   Here, Defendants were served with the Complaint (Docs 5–6), and there is no evidence of or indication of any excusable neglect justifying the lack of any response by either Defendant.  Therefore, this factor weighs in favor of granting Plaintiff's Motion.

### E.    The Strong Policy Favoring Decisions on the Merits

"Generally, default judgments are disfavored, and a case should be decided on the merits whenever possible, [but] where a defendant's failure to appear makes a decision on the merits impracticable, if not impossible, entry of default judgment is warranted." *Craigslist, Inc. v. Naturemarket*, 694 F. Supp. 2d at 1061 (internal citations and quotations omitted).   Here, because Defendants have failed to appear, a decision on the merits is impossible.  Accordingly, this factor also weighs in favor of granting Plaintiff's Motion.

### IV.    CONCLUSION

Based on the foregoing, the Court finds entry of default judgment is proper and **GRANTS** Plaintiff's Motion for Default Judgment.  (Doc. 11.)  The Clerk shall enter judgment in favor of Plaintiff and against Defendants.  The Policy (No. 0491628046) is rescinded, void ab initio, and of no legal force or effect.

**IT IS SO ORDERED.**

Dated:  March 2, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:24-cv-01567-RBM-KSC